IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAYWOOD JACKSON MIZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 1:14-CV-13-WHA |
| | ) | (WO) |
| WELLS FARGO BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case was brought by *pro se* Plaintiff Haywood Jackson Mizell, who attempts to challenge the foreclosure of his home at 285 East Broad Street, Ozark, Alabama. Before the court is the motion to dismiss (Doc. 8) filed by Defendant Wells Fargo Bank, N.A. The court concludes that the motion to dismiss should be granted in part as to Mizell's federal claims and that the remaining state law claims be remanded to the Circuit Court of Dale County, Alabama.

## I. Standard of Review

**A. Subject Matter Jurisdiction**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). This court is "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v.*

*Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Therefore, a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* "at the earliest possible stage in the proceedings."  *Id*. at 410. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**B.    Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted**

Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations.  *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. See *Iqbal*, 556 U.S, at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (internal citations and emphasis omitted).

In *Iqbal*, the Supreme Court reiterated that although Fed. R. Civ. P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 556 U.S. at 570.

It is true that "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by *Iqbal*, 550 U.S. 662.  A plaintiff's *pro se* status must be considered alongside the pleading requirements of

*Twombly* and *Iqbal. See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (applying *Twombly* to a *pro se* complaint). "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Cf.* Fed. Rule Civ. Proc. 8(e) ("All pleadings must be construed so as to do justice"). However, the leniency shown to *pro se* litigants "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR*, 132 F.3d at 1369 (citing Hall v. *Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Pontier v. City of Clearwater*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995)); *see also Hopkins v. Saint Lucie County School Bd*., 399 Fed. Appx. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted) ("While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings.").

## II.   Discussion

On February 19, 2013, Haywood Jackson Mizell filed a *pro se* complaint in the Circuit Court of Dale County, Alabama, against attorney William G. Berry and Wells Fargo Bank, N.A., attempting to challenge the foreclosure of his home at 285 East Broad Street, Ozark, Alabama. On December 6, 2013, after several ineffectual attempts at service, Mizell amended his complaint to remove Berry as a Defendant and add attorney David Sigler and John G. Stump, Chairman, President, and CEO of Wells Fargo, as Defendants. (Doc. 1-3).

Mizell's amended complaint included allegations that his constitutional due process rights were infringed during the foreclosure of his home. (Doc. 1-3 ¶¶ 35, 56, 65). On January 3, 2014, Wells Fargo removed the case to this court. (Doc. 1). It does not appear that Defendants Sigler and Stump have been served.

## A.    Federal Claims

Mizell alleges that the Defendants deprived him of his constitutional due process rights in violation of 42 U.S.C. § 1983, which creates a private right of action for the deprivation of constitutional rights under color of state law. (Doc. 1-3 ¶ 65). Although the complaint makes reference to "due process," nowhere in the complaint does Mizell specifically identify what substantive or procedural aspect of constitutional "due process" was denied him, and, at oral argument on February 28, 2014, Mizell was unable to articulate any facts implicating the due process guarantees of the United States Constitution. Further, private individuals are not liable for private conduct under 42 U.S.C. § 1983 and the Fifth or Fourteenth Amendments to the United States Constitution because those protections apply only to those persons depriving the plaintiff of life, liberty or property while acting "under color of state law." 42 U.S.C. § 1983. The complaint contains no allegations from which it could be inferred that the Defendants were acting under color of state law in this case. *See Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic

5

recitation of the elements of a cause of action will not do.").

At most, the complaint contains allegations that a non-judicial foreclosure occurred "under color of state law" because law enforcement officers were present. (Doc. 1-3 ¶ 35). However, Mizell has identified nothing about the substance or procedure of the non-judicial foreclosure process itself that implicates due process concerns. Mizell's real objections to the foreclosure are (1) his firm belief that he was defrauded into signing the mortgage in the first place because he did not understand how mortgages and promissory notes work (Doc. 1-3 ¶ 40), and (2) Mizell's belief that, although he was delinquent[1] on the mortgage, Wells Fargo was not entitled to payment without first following certain procedures based on pseudolegal theories that have no real basis in law. However, the complaint contains no specific factual allegations from which it could reasonably be inferred that either of these purported wrongs were allegedly carried out "under color of state law."

Therefore, the complaint does not allege any facts from which it can reasonably be inferred that Mizell was deprived of his constitutional right to due process by the Defendants, or that the Defendants acted under color of state law. Accordingly, despite Mizell's inclusion of references to "due process" and § 1983 in his complaint, the court concludes that Mizell cannot state a claim upon which relief can be granted under §1983 and the United States Constitution. *See* 42 U.S.C. § 1983 ("Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected,

---

[1]In his amended complaint and in open court on February 28, 2014, Mizell admitted he was delinquent on the mortgage payments. (Doc. 1-3 ¶ 28(h)).

any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured"); *Twombly*, 550

U.S. at 555 (holding that a pleading that offers merely "labels and conclusions" is insufficient

to survive a motion to dismiss).

Further, having questioned Mizell extensively at oral argument on February 28, 2014,

about the substance of his allegations, the court concludes that, even if given an opportunity

to amend his *pro se* complaint, Mizell would be unable to state a claim under § 1983.  *See*

*Schmitt v. U.S. Office of Pers. Mgmt.*, 403 Fed. Appx. 460, 462 (11th Cir. 2010) (holding

that, "[w]here it appears that a more carefully drafted complaint might state a claim, the

district court should give a *pro se* plaintiff an opportunity to amend his complaint instead of

dismissing it" with prejudice (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per

curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542

(11th Cir. 2002)).

## B.    State Law Claims

Mizell's remaining allegations against "the Defendants" consist of state law claims

of fraud and, possibly, breach of contract.  (*E.g.*, Doc. 1-3 ¶¶ 7-9, 34, 46).  From the face of

the complaint, it is clear that both Mizell and Defendant David Sigler are Alabama citizens.

Therefore, complete diversity is lacking, and this court does not have original jurisdiction

over Mizell's state law claims.  28 U.S.C. § 1332(a) (conferring original jurisdiction on the

federal courts in civil actions "between citizens of different states" in which the jurisdictional

amount is met); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."); *Strawbridge v. Curtiss*, 7 U .S. (3 Cranch) 267 (1806).

However, "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Henderson v. Washington Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). Such pleading constitutes "fraudulent joinder" of the non-diverse defendant. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). To establish fraudulent joinder, "the removing party has the burden of proving [by clear and convincing evidence] that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). The removing party's burden to establish fraudulent joinder is a "heavy one." *Id.* (internal quotation marks omitted).

Wells Fargo urges that the court may exercise diversity jurisdiction over the remaining state law claims because, they contend, Defendant Sigler was fraudulently joined. Specifically, Wells Fargo contends that Sigler is being sued solely in his capacity as Wells Fargo's former attorney, and not on the basis of any allegation that he personally participated in any of the allegedly wrongful conduct that forms the basis of Mizell's state law claims.

8

(Doc. 1 pp. 7-8).  However, the complaint contains allegations that "each of the named Defendants," including Sigler, allegedly defrauded Mizell by concealing some sort of material facts from Mizell, and by using "legalese" to make fraudulent misrepresentations to trick him into signing a mortgage.  (*E.g.*, Doc. 1-3 ¶¶ 7-9, 22).  *See Crowe*, 113 F.3d at 1539 ("When multiple defendants are named in a complaint, the allegations can be and usually are to be read in such a way that each defendant is having the allegation made about him individually.").

Because Mizell has alleged that Sigler personally participated in the purported fraudulent misrepresentations and concealment, the court cannot conclude that Sigler was fraudulently joined solely in his formal capacity as one of Wells Fargo's attorneys.  *Cf. Ullah v. BAC Home Loans Servicing LP*, 538 Fed. Appx. 844, 847 (11th Cir. 2013) (holding that, "[a]lthough the complaint did not specifically refer to [the bank's attorney] throughout," the removing party did not satisfy its "heavy burden" to establish that the attorney was fraudulently joined with respect to claims that the foreclosure attorney had "aided and abetted" the bank's fraudulent misrepresentations and concealment "by communicating false representations").

Accordingly this court does not have original diversity jurisdiction over Mizell's state law claims.  *See Stillwell*, 663 F.3d at 1332 ("When a case is removed based on diversity jurisdiction, . . . the case must be remanded to state court if there is not complete diversity between the parties. . . . or one of the defendants is a citizen of the state in which the suit is

filed, § 1441(b). ").

Further, the court lacks supplemental jurisdiction over Mizell's state law claims. Supplemental jurisdiction may be exercised "in any civil action of which the district courts have original jurisdiction" over "other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. As explained in Section II. A. of this opinion, Mizell's federal claims are due to be dismissed. Accordingly, the remaining state law claims are not related to any federal claims in this action, and there is no basis for supplemental jurisdiction. 28 U.S.C. § 1367.

Accordingly, Mizell's state law claims are due to be remanded to the Circuit Court of Dale County, Alabama. *See Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226–27 (11th Cir. 2010) ("[F]ederal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction.").

### III.   Conclusion

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge

1.  that the motion to dismiss (Doc. 8) be granted in part as to Mizell's § 1983 claims and that his § 1983 claims against all Defendants be dismissed with prejudice for failure to state a claim upon which relief can be granted; and

2.  that Mizell's state law claims be remanded to the Circuit Court of Dale County, Alabama. Further, it is

**ORDERED** that the parties shall file any objections to the said Recommendation on or before **April 23, 2014.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 9th day of April, 2014.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

11